Stanford vs. Pruet.

----

THOMAS W. STANFORD, endorsee, plaintiff in error, vs. JAMES M. PRUET, endorser, defendant in error.

[1.] If the point be made and insisted upon, the statute of another State, can only be proven in our Courts, by a certified copy.

[2.] A. and B. are indebted to C. at Columbus, Georgia, who agree to take their note with D. as security, who resides in Alabama. A note is drawn dated at Columbus, carried by the *makers*, to D., who endorses it, and returns it to one of the makers, who delivers it to C. at Columbus.

*Held*, That the endorsement is a Georgia and not an Alabama contract.

Assumpsit, in Muscogee Superior Court. Tried before Judge WORRILL, at November Term, 1858.

Thomas W. Stanford sued out bail process in an action of assumpsit, against James M. Pruet, as endorser upon a prom-issory note, of which the following is a copy, to-wit:

COLUMBUS, April 16th, 1856.

" $300. Three months after date, we promise to pay to James M. Pruet, or order, three hundred dollars for value received.

(Signed,) STRIPLING & ALLEY."

Endorsed, " Pay T. W. Stanford or order."

(Signed,) JAMES M. PRUET."

It appeared that Stripling and Alley being indebted to Stanford of Columbus, Georgia, three hundred dollars, a balance due for a boiler bought by them of him in *Columbus*, Georgia, made the note sued on, and procured Pruet to endorse it for their accommodation. After Pruet endorsed it, it was delivered to plaintiff. The makers and endorser, at the time the note was made and endorsed, resided in and were citizens of the State of Alabama, where they all resided at the time this suit was brought.

Defendant pleaded that he endorsed said note in the State of Alabama, where he and the makers resided, and that by the laws of that State, he as endorser was discharged unless the makers were sued to the first Court after the note became due, and a return of *nulla bona* on the execution; and that said note was not sued on within that period.

Defendant in support of his plea proposed to read in evidence, from a book, purporting to be a code of the laws of the State of Alabama, and published by authority of law, so much thereof as showed that by the law of said State an endorser of a note not payable at a bank, is not liable on his endorsement unless the maker of the note is sued to the first Court after the same falls due, and a return

of no property is had on the execution.   To the reading of which, plaintiff objected, on the ground that the book was not evidence of what the law of Alabama was; but that it must be proved by a witness, if it was the unwritten law, or by an exemplified copy, if it was statute law.   The Court overruled the objection, and admitted the book to be read as evidence of what was the law of the State of Alabama, and to this ruling plaintiff excepted.

It was admitted that the makers and endorser of the note lived in Barbour county, Alabama, at the date thereof, and have resided there ever since.   That there had been two Courts each year in which suit might have been brought there.

The Court charged the jury, that if there was no evidence, that at the time defendant endorsed the note, it was the understanding of the parties, that the undertaking of defendant was to be performed in the State of Georgia, then the endorsement will be deemed an Alabama and not a Georgia contract, and they should find for the defendant.

But if from the proof, it appeared that the undertaking of the defendant was to be performed in Georgia, though the note was made and endorsed in Alabama, then the endorsement will be held a Georgia contract, and they should find for the plaintiff.

To which charge plaintiff excepted.   Plaintiff then requested the Court to charge the jury:

1st. That if they believe from the evidence that the defendant endorsed the note in Alabama for the accommodation of the makers, and handed the same back to Alley, one of the firm, who brought the note and delivered the same to the plaintiff in Columbus, Georgia, to pay a debt the makers were owing plaintiff, then the endorsement is a Georgia contract, and the plaintiff is entitled to recover.

2d. That if the jury believe that defendant endorsed the note and handed it to the makers, and that Alley, one of

said makers, delivered the same to plaintiff in Columbus, Georgia, that then the plaintiff is entitled to recover.

3d. That if the jury believe that plaintiff agreed to accept the note of Stripling & Alley, endorsed by a person residing in the State of Alabama, and they made the note sued on, and defendant endorsed it in the State of Alabama, and delivered the same to one of the makers, who took it, thus endorsed, and delivered it to the plaintiff in Columbus, Georgia, and the same was there accepted in payment of the debt of Stripling & Alley, that then the plaintiff is entitled to recover.

4th. That if the note on its face purports to have been made in Columbus, and if so purported when endorsed by defendant, and for the benefit of the makers, and thus endorsed, was delivered to Alley, to be negotiated in Columbus, Georgia, that then they may infer that it was intended by the defendant, that it should be performed and executed under the laws of Georgia.

Each and all of which requests, the Court refused to give in charge, and *plaintiff excepted and tendered his bill of exceptions, assigning as error, the foregoing rulings, charges and refusals to charge.*

WELLBORN, JOHNSON & SLOAN, for plaintiff in error.

DOUGHERTY; and LAWS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Can the laws of another State be proved in this, by a book purporting to contain those laws, and to be published by authority of the other State?

It is conceded, that they cannot be at common law; but that an exemplified copy of the statute must be produced. In the State Courts, there is a conflict of practice upon this subject; an overwhelming majority adhering to the common law rule. It would be a great convenience to admit the book

as evidence. We admit their reports, without questioning thei authenticity. And we often form our judgment upon the cita tion of State statutes in these reports. Still, I am not prepared to say, that we are authorized to depart from the common law rule, wirhout legislation, when the point is made and insisted upon. I trust the Legislature will interpose and regulate this matter. It puts parties to unnecessary delay, expense and trouble, and for no compensating benefit. It is much easier in this age of sleight of hand, to forge the exemplification of a statute, than to palm off a spurious book upon the Courts· And especially should this courtesy be extended to our next door neighbor, Alabama, where Cobb's Digest is constantly read as evidence of our law, without objection.

[2.] Is the endorsement of Pruet an Alabama or a Georgia contract? The note was for a debt due to the plaintiff, by Stripling & Alley. He resided at Columbus, Georgia, where the note is dated, and required city security. Stripling & Alley refused to give it, but promised to give the defendant, Pruet. Alley took the note to Midway, Barbour county, Alabama, where Pruet endorsed it, returned it to Alley, one of the makers, who delivered it to the plaintiff at Columbus.

Had Alley been the agent of Stanford, to get the endorsement, a delivery to him in Alabama, would have been a delivery to Stanford. And that would have been the case of *Levy & Cohen*, (4 *Ga. Rep's.* 1,) where we held that the deposit of the note in the post office at *Savannah*, was a delivery to the plaintiff *there*, the mail being the common agent of the contracting parties for that purpose. In *Cox vs. Adams*, 2 *Kelly*, 158, the contract of endorsement was complete in Alabama. And of course governed by the laws of that State.

But here, Alley was not representing Stanford, but acted for himself and Stripling. He was not bound to deliver this note at all. He would have violated no obligation, been guilty of no breach of trust, had he failed or refused to do

so. His creditor agreed to this arrangement provided the debtor would make it. Still he might, even after the note was endorsed and returned to him, have repented or changed his mind; and adjusted his liability in some other way. It was his paper, and optional with him to deliver or withhold it. The contract was not binding, and consequently not consummated until the delivery of the note to Stanford at Columbus. This being so, was not the note, made and endorsed at Columbus, and therefore to be considered a Georgia contract, as much so as if Pruet had actually and manually endorsed it there, or wrote his name in blank, to be filled up at Columbus, by Alley, *his agent?* We think so.

Judgment reversed on first ground.

Judge McDonald, on account of illness, did not preside in this case.