EDWARD J. GAY

*v.*

JEFFERSON RAINEY.

| 89 | 221 |
| 207 | 4129 |

| 89 | 221 |
| 114a | 4560 |

　　1. ASSIGNMENT—*delay in execution working no injury.* The assignee of a promissory note will not release the liability of his assignor by a delay in issuing execution against the maker and having his property sold, when the delay works no injury to the assignor.

　　2. SAME—*where made—at place of delivery.* Where a note was executed by parties in this State, and sent to the payee in Louisiana, where he indorsed the same and returned it by mail to the makers, to be negotiated by them for their accommodation, who negotiated and delivered the same in this State, it was *held* that the contract of indorsement was made in this State and at the time of the delivery of the note. Before sale and delivery, the indorsement by the payee of a note is no contract, and may be erased by him at pleasure.

　　3. JUDGMENT—*several at same term—apportionment of proceeds of sale of land.* Where several judgments are rendered at the same term of court against a

defendant in favor of different persons, such judgment creditors, under the statute, are entitled to share *pro rata* in the proceeds arising from a sale of the defendant's real estate by the sheriff, no matter on which judgment and execution the sale is actually made, if all the executions are at the time in the sheriff's hands.

4. LEX LOCI—*governs as to the legal construction of contract.* The law of the place where a contract is made must govern as to the liabilities it imposes when its enforcement is sought elsewhere.

5. CONTRACT—*place where made.* The place where a contract is made depends not upon the place where it is actually written, signed or dated, but upon the place where it is delivered as consummating the bargain.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. T. & L. KRAFFT, for the appellant.

Messrs. WILDERMAN & HAMILL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the St. Clair circuit court, by Jefferson Rainey, plaintiff, and against Edward J. Gay, defendant. There were two special counts in the declaration, and the common counts. The first count charges the defendant as guarantor of the note in question, and in the second count he is charged as indorser only. The note was executed by Flanagan & Co. and Frances A. Flanagan, on November 15, 1871, payable two years after date to Edward J. Gay or order, with interest from date at ten per cent, interest payable semi-annually.

There were various pleas to the several counts, and demurrers thereto, with replications and demurrers to them. As the first count on the guaranty was abandoned, it is not necessary to notice any pleadings applicable to that count, nor to discuss the questions arising upon the demurrer to the additional count, as that avers a guaranty also, and was withdrawn from consideration by the abandonment of that claim. The issues made up by the parties were, the general issue—failure of consideration— the solvency of Frances A. Flanagan, one of the makers of the

note—neglect and failure of plaintiff to prosecute his suit with effect against the makers of the note—that defendant indorsed the note in the State of Louisiana, and by the laws of that State an indorser is entitled to notice of non-payment by the makers.

The issues being so made up, they were submitted to the court for trial without a jury, and the court found for the plaintiff, and, refusing a motion for a new trial, rendered judgment for the plaintiff, and the defendant appeals.

The claim against appellant as a guarantor of this note being abandoned, relieves us from the necessity of discussing any of the questions made in the pleadings, on this point.

The only points remaining in the case are, the solvency of one of the makers of the note, and a failure by plaintiff to avail by suit of the ability of one of the makers to pay. We have examined the testimony on this issue, and are satisfied plaintiff used commendable and all necessary diligence to collect the money of the makers by suit, by judgment, by execution, and by sale of her property.

The amount so received has been allowed by the circuit court in making up its judgment for the plaintiff. The second count contains the averment that the makers of the note, when it became due, were insolvent, and unable to pay the same or any part thereof, and that the institution of a suit against them would have been unavailing. These averments were put in issue by the plea of the general issue, and by the fourth plea of appellant, which denied the insolvency charged, and by his ninth plea he brings up the negligence of the plaintiff in not making the whole of his judgment out of the sale of Mrs. Flanagan's property by prompt execution of his judgment, to the loss and injury of appellant. The replication to this plea fully meets all its charges and averments, and was sustained by the proof. By the exercise of proper diligence appellee was enabled to make and did make a portion of the money due by this promissory note, and as appellant has received the benefit of it, the recovery against him being lessened by

that amount, he has no cause to complain.  It does not seem
to us that appellee could have obtained any advantage over
the other judgment creditors of Flanagan had he sought to do
so, and, as argued by appellant, he might have done, and
thereby secured the payment of the whole debt.   These judg-
ments, one in favor of Hondulite and one in favor of West, were
rendered at the same term of court at which appellee obtained
his judgment, and were therefore liens on this same real estate,
and the holders of them were entitled, under the statute, to
share *pro rata* in the proceeds arising from a sale by the sher-
iff, no matter on which judgment and execution the sale was
actually made, all the executions being at the time in the
sheriff's hands.    The liens were concurrent, the judgments
having been rendered at the same term and executions having
duly issued.    Chap. 77, § 13, Rev. Stat. 1874, p. 622.

The first execution having been returned "no property
found," appellee was diligent in ordering an *alias fi. fa.* to is-
sue on December 31, 1874 and the other judgment holders,
Hondulite and West, delayed until January following.   We
can perceive no delay or negligence of appellee working in-
juriously to appellant.

The point remaining to be considered is, that the indorsement
of this note having been made in the State of Louisiana, the
liability of the indorser must be governed by the law of that
State, which requires notice to the indorser of non-payment
by the makers of the note, before an indorser can be charged.
We have no doubt of the correctness of this general principle,
that the law of the place where a contract is made must govern
when its enforcement is sought.    What is the contract here?
Was any contract made in Louisiana, by this writing of in-
dorsement simply?    Clearly not.    The note was payable to
Edward J. Gay or order.    What does he say in regard to it?
He testifies the note in question was written and signed at
Belleville, Illinois, by the makers thereof, and sent to him
by mail; after some delay he indorsed it on November 9, 1871,
and returned it with a letter, by mail, to E. T. Flanagan, his

object in indorsing being to accommodate Flanagan. Flanagan & Co., the makers, negotiated and delivered it to appellee in Belleville, in this State, before due, and he had no knowledge the note had ever been elsewhere than in the hands of appellant and makers. These facts show this to be an Illinois contract, for, by the writing of indorsement, while it remained in the indorser's possession it had no vitality. He could have erased the indorsement at any moment. The note was made in this State, and was returned to this State and negotiated in this State on the faith of the indorsement. This indorsement formed no contract; to make it a contract the note indorsed must be returned, and when delivered and negotiated, the same became a binding contract.

The rule is, the place where a contract is made depends not upon the place where it is actually written, signed or dated, but upon the place where it is delivered as consummating the bargain. 1 Daniell on Negotiable Instruments, 660, referring to *Freese* v. *Brownell*, 35 New Jersey, 286; *Campbell* v. *Nichols*, 33 id. 81.

This note was made in this State, and indorsed by appellant in Louisiana for the accommodation of the makers, and delivered to them so indorsed, in Belleville, in this State. The indorsement is governed by the laws of the State where delivered and negotiated. The party to whom appellant lent his signature was the agent for putting the instrument into circulation, and his own contract with those to whom it is negotiated must be judged on the principles of agency which refer the contract to the place where the circulation commences. Id. 661, referring to *Cook* v. *Moffet*, 5 Howard (U. S. Sup. C.) 295; *Hyde* v. *Goodman*, 3 Comst. 266; *Davis* v. *Coleman*, 7 Iredell, 424.

This, undoubtedly, is the general rule, and there is nothing in this case to take it out of that rule.

We perceive no error in this record calling for a reversal of the judgment, and we must affirm the same.

*Judgment affirmed.*