SARAH BOND *vs.* BRADFORD CUMMINGS.

Aroostook.   Opinion July 3, 1879.

*Lex loci.   Married woman.*

By the law of New Brunswick, a married woman living with her husband and having no separate maintenance, cannot acquire title to personal property by purchase from him.

The validity of a contract is to be determined by the law of the place where it is made.

Where a married woman living with her husband in New Brunswick and having no separate maintenance, purchased a horse of her husband, and subsequently moved into this state with the property, the horse is attachable here as the property of the husband.

ON REPORT.

TRESPASS for a mare.

The facts are stated in the opinion.

The case was by agreement taken from the jury and reported to the law court.   If, upon the evidence in the case, the action can be maintained it is to come back for trial to a jury; otherwise the plaintiff is to be nonsuited.

*Powers & Powers*, for the plaintiff.

*J. C. Madigan & J. P. Donworth*, for the defendant.

LIBBEY, J.   This is trespass against the defendant, as sheriff of Aroostook county, for a mare.   The defendant justifies the taking by his deputy by virtue of an attachment of the mare as the property of John Bond, the plaintiff's husband, on a writ in favor of R. S. Starrett against him.

The plaintiff claims title to the mare by virtue of a purchase from her husband while living with him, and having no separate

support, in the province of New Brunswick, from which province they moved into this state about the time of the attachment. No purchase is claimed to have been made in this state.

By the law of New Brunswick a married woman, living with her husband and having no separate maintenance, cannot acquire title to property by purchase from him. The validity of the contract under which the plaintiff claims title must be determined by the law of that province.

"Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made." *Scudder* v. *Union National Bank*, 91 U. S. 406. Story Conf. of Law, §§ 242, 243.

Bringing the mare into this state gave the plaintiff no title which she did not acquire by virtue of the purchase from her husband, by the law of New Brunswick; and the mare was legally attachable here as the property of the plaintiff's husband.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.