NANCY D. HILL *vs.* MARY S. CHASE.

Essex.   November 3. — 26, 1886.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

A., a married woman living in another State, employed B. to borrow for her a sum of money from her brother living in this Commonwealth.  He declined to lend the money, but C., his wife, out of her own money, delivered to B. the sum required, together with a paper, dated here, and reading as follows: "Borrowed and received from C. the sum" named.  "Sign this and return it."  B. carried the money and paper to A., who took and kept the money, signed the paper, knowing its contents, and returned it to C. in this Commonwealth.  *Held*, that the judge who tried the case without a jury was justified in finding, on these facts, that the contract was made and to be performed in this Commonwealth; and that it was immaterial that the paper was signed in the other State.

CONTRACT upon a written instrument, with counts for money lent.  Trial in the Superior Court, without a jury, before *Pitman*, J., who found for the plaintiff; and the defendant alleged exceptions.  The facts appear in the opinion.

*F. L. Evans*, for the defendant.

*N. J. Holden*, for the plaintiff.

MORTON, C. J.   The only question presented by this bill of exceptions is whether the presiding justice of the Superior Court, who tried the case without a jury, was justified in finding that the contract sued on was made in this State.

It appeared in evidence that the defendant, a married woman living in Salem in the State of New Hampshire, in the summer of the year 1864, employed her sister, Mrs. Shirley, to borrow for her fifty dollars of Mr. Hill, her brother, living in Salem in the State of Massachusetts.   Mr. Hill declined to lend the money, but the plaintiff, his wife, out of her own money, delivered to Mrs. Shirley fifty dollars, together with a paper, of which the following is a copy:

"Salem, July 1, 1864.   Borrowed and received from Nancy D. Hill the sum of fifty dollars.

"Sign this and return it."

Mrs. Shirley carried the money and paper to the defendant, who took and kept the money, signed the paper, knowing its contents, and returned it to the plaintiff at Salem in this State.

The presiding justice was justified in finding that, according to the understanding and purpose of the parties, the plaintiff lent to the defendant, through her agent, Mrs. Shirley, the sum of $50 at Salem in Massachusetts; and that the defendant ratified the acts of her agent. There is no evidence which shows that the plaintiff employed Mrs. Shirley as her agent to lend money for her in New Hampshire. The justifiable inference from all the evidence is, that the parties intended that the transaction should be in form, what it was in substance, a loan by the plaintiff to the defendant, the plaintiff assuming, what the evidence shows to have been true, that the defendant had no choice as to the person of whom she borrowed, and that she would ratify the act of her agent.

This being so, the fact that the paper was signed in New Hampshire is immaterial. The contract of loan being made in this State, upon the condition that the paper should be signed and returned to the plaintiff in this State, the paper became operative as evidence of the contract when it was delivered to the plaintiff in this State. *Lawrence* v. *Bassett*, 5 Allen, 140. *Milliken* v. *Pratt*, 125 Mass. 374.

We are therefore of opinion, that the Superior Court was justified in refusing to rule that the contract sued on was made in New Hampshire, and in the finding that it was made and to be performed in Massachusetts, and therefore is to be governed by the laws of this State.                *Exceptions overruled.*