## Baum, Appellant, *v.* Birchall.

[Marked to be reported.]

*Married women—Bond—Executed in one state, validity in another—Lex loci contractus aut actus—Lex rei sitæ.*

A married woman's bond, signed in Pennsylvania, prior to the married person's property Act of 1887, and delivered in Delaware, accompanying a purchase-money mortgage of real estate situate in Delaware, purchased by the married woman, being valid in that state as a personal obligation, will be enforced against her in Pennsylvania. Delivery was essential to the execution of the contract and the contract is governed by the place of performance. Besides, as the contract relates to real property, it is governed by the *lex rei sitæ.*

Argued March 31, 1892. Appeal, No. 191, Jan. T., 1892, from decree of C. P. No. 1, Phila. Co., Dec. T., 1890, No. 421, opening judgment, entered on bond and warrant of attorney against Henry C. Birchall and Sallie S. Birchall his wife, as to

Sallie S. Birchall, said bond accompanying a purchase-money mortgage on real estate in Delaware, purchased by said wife while domiciled in Pennsylvania. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The facts appear by the opinion of the Supreme Court. The bond did not name Mrs. Birchall as a married woman, and the warrant of attorney empowered " any attorney or prothonotary of any court of record in the state of Delaware or elsewhere " to confess judgment.

Members of the bar of Delaware were called who testified that the universal interpretation of the laws of Delaware was that a married woman was generally liable on her contracts; that there had been no adjudications, as the correctness of the practice was unquestioned.

The court made absolute the rule to open the judgment as to Mrs. Birchall, in an opinion by ALLISON, P. J., 1 Dist. R. 123, and plaintiff thereupon appealed.

*Errors assigned* were (1) not discharging the rule, (2) making it absolute, and (3) opening the judgment.

*Avery D. Harrington,* for appellant.—A married woman's right to appoint an agent is co-extensive with her right to act as a *feme sole :* Story, Agency, § 6, and authorities cited.

A husband may act as the agent of his wife to invest her money in real estate : Ready v. Bragg, 1 Head (Tenn.) 511; Coolidge v. Smith, 129 Mass. 554.

The place where a contract is signed is not, in contemplation of law, the place where the contract is made, if it is not the intention of the parties that it should go into effect there : Tilden v. Blair, 21 Wall. 241; Myers v. Carr, 12 Mich. 63; Hill v. Chase, 143 Mass. 129; Dickinson v. Edwards, 77 N. Y. 573. Delivery is essential to execution : Com. v. Kendig, 2 Pa. 451; Mills v. Wilson, 88 Pa. 118; Milliken v. Pratt, 125 Mass. 374. The bond here is a Delaware form and the warrant of attorney is directed to any attorney or prothonotary of Delaware.

Where the contract is, either expressly or tacitly, to be performed in any other place, there the general rule is in conformity to the presumed intention of the parties that the contract, as to its validity, nature, obligation and interpretation, is

to be governed by the law of the place of performance: Story, Conflict of Laws, 8th ed., page 376; Andrews v. Pond, 13 Peters, 65; Mullen v. Morris, 2 Pa. 85; Brown v. R. R., 83 Pa. 318.

The mortgage which accompanied the bond, being upon the farm in Delaware, gives locality to the contract: Chapman v. Robertson, 6 Paige, 627.

As to questions of disabilities, the *lex loci contractus* governs: Story, Conf. L., § 103, 8th ed.; 2 Kent Com. 458: Male v. Roberts, 3 Esp. 163; Thompson v. Ketcham, 8 Johns. 189; Pearl v. Hansborough, 9 Humph. 426; Baldwin v. Gray, 16 Martin, 192, 193; Saul v. His Creditors, 17 Martin, 569, 579; Andrews v. His Creditors, 11 La. 464, 476; Westlake, Priv. Int. Law, §§ 401, 402, 404; Milliken v. Pratt, 125 Mass. 382.

The courts of this state will enforce such contract as a matter of comity. International law is a part of the law of this commonwealth and the doctrine of comity is firmly imbedded in our jurisprudence: Bock v. Lauman, 24 Pa. 435, 445; Forepaugh v. R. R., 128 Pa. 217; Clark v. Searight, 135 Pa. 173. It is not against the policy of this state to enforce contracts made by a married woman out of this state, although void here: Spearman v. Ward, 114 Pa. 634; Evans v. Cleary, 125 Pa. 204.

*J. Martin Rommel*, with him *James W. West*, for appellee.— The bond, having been signed by Mrs. Birchall in Pennsylvania, was absolutely *void*: Sawtelle's Ap., 84 Pa. 306; Schnyder v. Noble, 94 Pa. 286. Her tacit permission to deliver it outside the state would not give it validity. A married woman cannot make a contract through an agent which she could not make herself: 14 A. & E. Encyc. L. 620. Subsequent payment of interest did not validate it by way of estoppel: Bispham's Equity, § 293; Grim's Ap., 105 Pa. 375; Stivers v. Tucker, 126 Pa. 74.

The question of personal capacity to contract is to be decided by the law of the domicile: Dicey, Domicile, 165, 194; Ritch v. Hyatt, 3 MacArthur 537; Loftus v. Bank, 133 Pa. 97; 2 Parsons, Cont., p. 575; Hayden v. Stone, 13 R. I. 106; Sottomayor v. DeBarros, L. R. 3 P. D. 1; Brook v. Brook, 9 H. L. C. 193. The case of Milliken v. Pratt, 125 Mass. 374, has

not been followed: Taylor v. Sharp, 13 S. E. Rep. 138. Mere intention to remove does not operate to change an existing domicile: Dicey, Domicile, 45, 75; 2 Parsons, Cont., 579; Udny v. Udny, L. R., 1 Sc. Ap. 449; Bell v. Kennedy, L. R. 1 Sc. Ap. 307; Cockrell v. Cockrell, 25 L. J. (Ch.) 730.

The married woman's Acts were not intended by the Legislature passing them to have any extra-territorial effect: Loftus v. Bank, 133 Pa. 97; Whitehurst's Est., 7 Pa. C. C. 12.

A reasonable interpretation of the law of comity is that no community shall suffer prejudice by its comity: 2 Kent, Com., 458; Add. Cont., 184; Story, Conf. L., 169. It is a question for the courts: Edgerly v. Bush, 81 N. Y. 199; and will not be enforced against their settled policy. Our policy has always been to protect married women against their own improvidence, as well as the improvidence of their husbands: Mahon v. Gormley, 24 Pa. 82; Schlosser's Ap., 58 Pa. 495; Guyer v. Harrison, 103 Pa. 480; McConnell v. Lindsay, 131 Pa. 490.

Neither of the cases cited by appellant tend in any way to substantiate his position that the courts of this state will enforce a contract made by a married woman out of this state, although void here.

OPINION BY MR. JUSTICE WILLIAMS, July 13, 1892.

The defendants are and were at the date of the bond on which this judgment was entered husband and wife. In the winter of 1884–5 they lived in this state near Philadelphia. Desiring to remove to Delaware they visited Dover and its vicinity in February in 1885 in search of a suitable farm on which to make their home. Among the farms examined by them was that of Baum the plaintiff, from whom they got the price and terms of payment at which he would sell. They then returned to their home near Philadelphia; but H. C. Birchall, the husband, soon after returned to Dover and in the name, and by the direction, of his wife made a contract with Baum for his farm and paid one hundred dollars hand-money upon it. It was to be closed as soon as the title papers could be conveniently prepared, pending which Birchall came back to his home in this state. Soon after, a bond and mortgage to secure so much of the purchase money due Baum as was not to be paid on delivery of the deed, were sent by mail to the

Birchalls for execution.  Both instruments were duly signed
and sealed in this state, after which Birchall took them, to-
gether with his wife's check for five thousand dollars, the
amount to be paid in hand, and went to Dover to meet Baum
and complete the transaction.  He received the deed made to
his wife, delivered for her the check for five thousand dollars
and the bond and mortgage to secure the balance of the pur-
chase money.  Soon after, the Birchalls removed to their new
home and continued to reside on the farm for one and a half
years, when they sold it subject to the mortgage and returned
to this state.  Their vendee did not pay principal or interest
upon the mortgage, and, as the result of legal proceedings
upon it, the farm was brought to sale by the sheriff.  The pro-
ceeds of the sale were not enough to pay the mortgage debt,
and this judgment was entered upon the bond for the purpose
of collecting from Mrs. Birchall, in this state, the balance still
due on the purchase money of the farm.  She then made appli-
cation to open it on the ground that the fact of her having
signed the bond in this state made it a Pennsylvania contract;
and that because of her disability it could not be enforced
against her except as to the land of which it was part of the
purchase money.  The court below so held and the correctness
of this ruling is the only question presented by this appeal.

If it be conceded that the bond and mortgage were executed
in this state, yet it appears upon their face that they were to
be performed in the state of Delaware, and the general rule is
that in such cases the instrument is governed as to its validity,
nature, obligation and interpretation, by the laws of the place
where it is to be performed: Story on the Conflict of Laws,
§ 280; 2 Kent's Com., 459.  Interest, which is the ordinary
measure of compensation for delay in performance, is to be
computed according to the law of the place of payment: Brown
v. Camden and Atlantic Railroad Co., 83 Pa. 316.  The remedy
and the effect to be given to any existing disability in the maker
of the instrument are also to be determined by the law of the
place of payment: Hill v. Chase, 143 Mass. 129.  The same
rule applies where the contract is made by correspondence
through the mails or by telegraph.  Thus it was held that if
one orders goods from another state by mail, which are sent
by a carrier, the contract is made where the order is received

and the goods delivered to the carrier for the buyer; and the law of that state will govern the contract: Milliken v. Pratt, 125 Mass. 374. The courts of this state will administer in such cases the *lex loci contractus* as against one under disability: Evans v. Cleary, 125 Pa. 204. But this case stands on still stronger ground. Delivery is an essential part of the execution of any instrument. It is not enough to sign and seal a bond. It is effectual only when it is delivered to the party interested in it, or to some one for him. The bond might have been signed wherever it was most convenient for the obligor to give attention to it, but it was an ineffectual and useless paper until delivery to the obligor. The delivery was made in Delaware where it was to be performed. It was made a binding obliga- tion, its execution was completed in that state, and for this further reason it must be governed by the laws of that state.

So far we have considered the instrument as a contract without regard to the character of the subject-matter; but, upon looking into the transaction of which it is a part, we learn that it is a contract relating to real property. Now, the rule relating to such contracts has been well settled from the earliest days of the English common law. Real property cannot attend the person of the owner as he goes from one jurisdiction to another. It is fixed, immovable and necessarily under the law of the place where it lies. Contracts relating to it must therefore necessarily be governed by the *lex rei sitæ:* Story on the Conflict of Laws, 424. It seems that the law of the state where Baum's farm was located makes a married woman personally liable on her bond given for property bought by her. Mrs. Birchall went there to look at and treat for this farm. She contracted for it through her husband in that state. She received her deed and delivered her money, her bond and mortgage, in complete execution of her contract there where the land was. The law of that state determines the effect of the conveyance received by her, and of the bond and mortgage given by her to secure the purchase price of the land she bought. We have therefore a contract made and, in legal effect, delivered in Delaware; for the purchase of real property in that state; upon which according to the laws of that state the defendant is personally liable notwithstanding her coverture. In passing upon it here, our courts will secure to her the advan-

tages, and enforce against her the obligations of her contract in accordance with the laws of that state. This conclusion requires us to reverse the order of the court below opening the judgment, and to restore it to the records.

The order is reversed and set aside accordingly.