## F. B. HAUCK CLOTHING COMPANY, Appellant, v. SOPHIA E. SHARPE, Respondent.

### St. Louis Court of Appeals, February 27, 1900.

1. **Contract: LEX LOCI CONTRACTUS.** A contract is made when both parties agree to it. If the offer is made by letter, then it is made where the party receiving the proposition puts into the mail his answer accepting it, or does any equivalent act.

2. ———: ———: **CONFLICT OF LAWS.** It is the general rule that in conflict of laws, that matters connected with the performance of a contract are regulated by the law of the place of performance: But the *lex loci contractus* generally governs as to the validity and the construction of the contract and the capacity of the parties to make it, unless made with special reference to the laws of the place of performance, or concerning real estate.

3. ———: ———: ———: **MARRIED WOMAN.** The law of the place of performance does not in any way affect the capacity of a married woman to contract in a state which authorized her to make the contract, unless it is apparent from the terms of the contract that the parties intended to incorporate the laws of the state of performance in the contract.

4. ———: ———. In the case at bar it is held that the contract was made in Missouri.

Appeal from the Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*W. H. Fisher* and *R. L. Molley* for appellant.

(1) A contract if valid and binding where made or entered into, is valid and binding everywhere. 3 Am. & Eng. Ency. of Law [1 Ed.], 552; Wharton on Conflict of Laws [1 Ed.], sec. 401g, p. 339; Kent's Commentaries [9 Ed.], 598, orig.

paging 454; Stix v. Matthews, 75 Mo. 96; Tolman Co. v.
Reed, 115 Mich. 71.   (2) Where a contract would be valid
by the law of domicile, but invalid by the place of contract,
it is to be presumed that the parties intended to be bound by
the law of domicile. It is always to be presumed that persons
agree effectually to do that which they contract; and, if so, this
agreement becomes part of the contract, overriding such local
law as does not rest on a ground distinctly moral or political.
And when there is a conflict of possible applicatory laws, the
parties are presumed to have made part of their agreement,
that law which is most favorable to its performance. Wharton
on Conflict of Laws [1 Ed.], sec. 429, p. 360; id., sec. 102,
p. 92.   Persons who in their own domicile, are entitled to draw
bills, may be sued on such bills in the country where they are
restrained from doing this for, in such cases, the law of the
domicile obtains.   It would be intolerable, if a person resid-
ing in a land where no such restrictions are known were per-
mitted to escape liability on bills drawn by him, by appealing
to such restrictions.   Wharton on Conflict of Laws [1 Ed.],
sec. 3.   (3) On this subject of conflicting laws, it may be
generally observed that there is a stubborn principle of juris-
prudence that will often intervene and act with controlling
efficacy.   This principle is, that when the *loci contractus* and
the *lex fori* as to conflicting rights acquired in each come in
direct collision, the comity of nations must yield to the positive
law of the land.   2 Kent's Com. [9 Ed.], 610, orig. paging
461. (4) The defendant having signed the note sued on for the
accommodation of her son, the payee, and by him negotiated
in St. Louis, Mo., became a binding contract on her, and the
*lex loci contractus* is the law of Missouri, since the *lex loci
contractus* of accommodation paper is the place where it is first
negotiated.   1 Am. and Eng. Ency. of Law [2 Ed.], 342;
Macy v. Kendall, 33 Mo. 164.   (5) The act of the defendant
in signing the note sued on for the accommodation of W. W.

Sharpe, conferred upon him the power and authority to bind her in favor of third persons, by the issue of the paper, and when the note was indorsed by the payee, and delivered to plaintiff in St. Louis, Mo., for value she became bound to plaintiff in accordance with the rules of commercial law and the position of her name upon the instrument, from the date of the instrument. 1 Am. and Eng. Ency. of Law [2 Ed.], 350; Smith v. Wycoff, 3 Sandf. Ch. (N. Y.), 77; Michigan Ins. Co. v. Leavenworth, 30 Vt. 11; Williams v. Banks, 11 Md. 198. (6) Plaintiff is a *bona fide* holder for value of the note, having accepted it in the regular course of business for a valuable consideration, and before maturity, and is therefore entitled to enforce it against the maker, Sophia E. Sharpe. Macy v. Kendall, 33 Mo. 164; Miller v. Mellier, 59 Mo. 388; Faulkner v. Faulkner, 73 Mo. 338; Beveridge v. Richmond, 14 Mo. App. 405.

*J. D. Hostetter* for respondent.

(1) The instrument sued on contains a clause for the payment of attorney's fees and therefore is not a negotiable promissory note. Clark v. Barnes, 58 Mo. App. 667; Bank v. Jacobs, 73 Mo. 35; Bank v. Marlow, 71 Mo. 618; Bank v. Gay, 63 Mo. 33; McCoy v. Green, 83 Mo. 626. (2) Therefore the note being non-negotiable is subject to any and all defenses, in this suit by plaintiff, which might have been urged against it, in the hands of W. W. Sharpe, the payee. Clark v. Barnes, 58 Mo. App. 667; McCoy v. Green, 83 Mo. 626. (3) This is an Indiana contract and the validity of the contract, and the capacity of the parties to contract, must be governed by the laws of Indiana. The Kansas City Court of Appeals has passed squarely on this identical question. Ins. Co. v. Simons, 52 Mo. App. 357; Bell v. Packard, 69 Maine 105; 3 Am. and Eng. Ency. of Law [1 Ed.], 547, note 3;

Ames v. Benjamin, 77 N. W. (Minn.), 230. (4) The above cited cases are authority for the proposition that the *lex loci contractus*, is not where the instrument may be signed, but where it is delivered and made payable. (5) In the case at bar the making of the note payable in Indiana and delivery of the same to W. W. Sharpe, the payee, in Indiana, made it an Indiana contract. The mere fact that W. W. Sharpe afterwards transferred the note to a resident of Missouri did not change it to a Missouri contract. It was still by its terms payable at the First National Bank, at Logansport, Indiana. (6) The cases above cited are also authority for the proposition that the *lex fori* governs the remedy, while the *lex loci* determines the validity of the contract, and the capacity to contract, including questions arising from coverture, minority, etc.

BLAND, P. J.—Suit on the following promissory note:
"$500.                    Logansport, Ind., March 3, 1896.

"Six months after date, for value received, we promise to pay to W. W. Sharpe or order at the First National Bank, of Logansport, Indiana, the sum of five hundred dollars, with interest at the rate of eight per cent per annum from date until paid, and attorneys' fees, without any relief, whatever, from valuation or appraisement laws. The makers and indorsers jointly and severally waive presentment for payment, protest and notice of protest, and nonpayment of this note.

"(Signed)                    Sophia E. Sharpe."

The answer admitted that defendant signed the note, but denied its assignment to plaintiff for value by W. W. Sharpe, the payee, before maturity, and alleged the following special defenses:

"Defendant further answering says that at the time of the execution and delivery of said instrument of writing to W. W. Sharpe, she was a married woman, and her coverture

has continued ever since, and that under the laws of the state of Indiana she had no power to make a personal obligation, and that she has no separate property and that by reason of these facts said instrument of writing was void and of no effect and still remains so.

"Defendant further answering says that W. W. Sharpe the payee in said instrument of writing is her son. That the said instrument of writing is accommodation paper. That there was no consideration for the same, value or otherwise, and that she signed said instrument for the purpose of enabling her son to borrow money at a bank in Logansport, Indiana, thereon, but that the said instrument of writing was diverted from its original purpose of which this plaintiff well knew and that this defendant is not liable on said note to this plaintiff because of a total lack of valuable consideration.

"Defendant further says that plaintiff knew of the infirmities of said instrument of writing at the time they acquired possession of same and knew that there was no consideration for said instrument of writing and knew that the same was not supported by any valuable consideration, and defendant asserts that she is not liable either to this plaintiff or to the said W. W. Sharpe for the payment of any part of said instrument of writing."

The issues were submitted to the court sitting as a jury, who after hearing the evidence, found the issues and rendered judgment for the defendant. Plaintiff appealed.

The evidence is that the defendant is a married woman residing with her husband in Pike county, Missouri; that her son W. W. Sharpe, when the note was signed, resided at Logansport in the state of Indiana; that he was a member of the firm of Tucker & Sharpe Company, doing a tailoring business in Logansport; that the firm was indebted to plaintiff for goods for which it was unable to pay, and that it wanted more goods from plaintiff; that plaintiff declined to ship the

goods without a cash payment; that for the purpose of raising money W. W. Sharpe made out the note in suit and mailed it to his mother in Missouri, with a request that she sign it for his accommodation, at the same time writing her the stringent needs of the firm for money, and promising to take up the note at or before maturity; the defendant signed the note at Pike county, Missouri, and mailed it to her son, to be discounted at Logansport, to enable him to raise money on it; W. W. Sharpe was unable to discount the note in Logansport, wrote the plaintiff the facts and asked it to take the note and let his firm have more goods, indorsed the note by writing his name across the back of it, and forwarded it to plaintiff. Plaintiff made inquiry as to the solvency of the maker, Mrs. Sharpe, and being informed by the cashier of a bank in Pike county that she was solvent, accepted the note and shipped to Tucker & Sharpe Company $319.66 worth of goods, which swelled its account to $781.79, and gave credit on that account for the face value of the note $500, leaving a balance of $281.75 yet due plaintiff from Tucker & Sharpe Company.

The evidence is that the common law of coverture is in force in Indiana. If the note is an Indiana contract, then it is void for want of legal capacity in Mrs. Sharpe to bind herself personally, by signing her name to the note. Under the laws of Missouri defendant had legal capacity to make the note. The learned circuit judge decided that the note was an Indiana contract. How the law of Indiana, as to the legality of the note can be applied, it is difficult to see, in view of the fact that the note was made in Missouri, and the suit to enforce its collection was brought here. "A contract is made when both parties agree to it. If the offer is made by letter, then it is made where the party receiving the proposition puts into the mail his answer accepting it, or does any equivalent act," says Prof. Parsons (2 Parsons on Contracts, p. 582);

Glass Company v. Taylor et al., 34 S. W. Rep. loc. cit. 712. When in answer to W. W. Sharpe's request the defendant signed the note and put it in the mail at Pike county, Missouri, addressed to her son the contract was made, and made in Missouri, to be performed in Logansport, Ind. It is the general rule that in conflict of laws, that matters connected with the performance of a contract are regulated by the law of the place of performance. Brown v. Birchall, 150 Pa. St. 164. But the *lex loci contractus* generally governs as to the validity and the construction of the contract and the capacity of the parties to make it, unless made with special reference to the laws of the place of performance, or concerning real estate. Thus in Ruhe v. Buck, 124 Mo. 178, it was held that matters bearing on the execution, the interpretation and validity of a contract are determined by the law of the place of its execution, and that matters respecting the remedy such as bringing suits, admissibility of evidence, statutes of limitations, depend upon the law of the place where suits are brought, following Scudder v. Bank, 91 U. S. 406, wherein it was held as to a bill of exchange drawn by a party in Chicago upon a firm in St. Louis and verbally accepted by a member of the firm then in Chicago, that the validity of the acceptance was to be determined by the laws of Illinois. To the same effect is Richardson v. DeGiverville, 107 Mo. 422; Forepaugh v. Railroad, 128 Pa. St. 217; Curnaw v. Ins. Co., 37 S. C. 406; Miller v. Wilson, 146 Ill. 523; Ins. Co. v. Force, 142 N. Y. 90. The same rule is applied to the contracts of married women. Milliken v. Pratt, 25 Mass. 374; Holmes v. Reynolds, 55 Vt. 39; Bond v. Cummings, 70 Maine 125; Taylor v. Sharpe, 108 N. C. 377. The law of the place of performance does not in any way affect the capacity of a married woman to contract in a state which authorized her to make the contract, unless made with reference to real estate situated in the state of performance, or it is apparent from the terms of the contract

that the parties intended to incorporate the laws of the state of performance in the contract.    Baum v. Birchall, 150 Pa. St. 164; Vaught v. Brown, 42 Hun. 394.

The case of Insurance Company v. Simons, 52 Mo. App. 357, relied on by respondent has no application to the facts in this case.    In the Simons case the court found as a fact that the note, though signed in Missouri, was delivered in the state of Kansas, it was not therefore executed in Missouri, but in Kansas, and was a Kansas contract.    The Simons case is in harmony with the great weight of authority and with the cases cited, *supra.*    But it is contended that the evidence proves that the parties intended to make the note an Indiana contract. What they intended, as to an innocent assignee of the note, can only be ascertained from the terms of the note and the circumstances attending its execution.    These show no more than, that the note was to be paid at a bank in Logansport, Indiana.    The law presumes that when Mrs. Sharpe signed the note for the accommodation of her son, that she did so in good faith, intending to be bound by it.    Wharton on Evidence [2 Ed.], sec. 1250; 2 Parsons on Contracts, 583. Under this presumption the general principles of the law of place as applied to contracts, concerning personal property, will be construed to sustain the validity of contracts.    Wharton on Conflict of Laws, sec. 429; Hunt v. Jones, 12 R. I. 265; Casey v. Mackey, 82 Maine 516.    Courts will always validate contracts where it is possible to do so without doing violence to the terms of the contract, or some well-settled principle of law.    The respondent signed her name to the note in Missouri, delivered it in Missouri, by mailing it to her son; she made him the payee, with legal authority written in the body of the note, without restrictions or qualifications to sell it where and to whom he would; he exercised this delegated power, this agency, by indorsing and delivering the note to appellant for value; they took it in good faith, gave value for it without

notice of any restrictions on the payee as to his authority to
indorse and transfer the note. The respondent expressly and
directly by her voluntary act, put it in the power of her son to
transfer the note to the appellant. If he disobeyed respond-
ent's private instructions, which were never disclosed to plain-
tiff, and transferred the note to them, she—not the innocent
purchaser of the note—should suffer; and even if the general
principle (which I do not concede) of the law of place should
pronounce this an Indiana contract, the general principle
should yield to the peculiar facts and the laws of Missouri
should prevail, in order to make valid a contract which the
law presumes the respondent intended should be valid when
she made it. The judgment is reversed and the cause re-
manded. Judge *Bond* concurs; Judge *Biggs* concurs in the
result.

### SEPARATE OPINION BY JUDGE BIGGS.

It is evident that the circuit court found as a matter of
law, that the note was an Indiana contract, and that under
the law of that state the defendant could not be held there-
under. The only question is whether the conclusion of the
court is authorized by the law and the testimony. The evi-
dence tended to prove these facts: The note was written in
Logansport, Indiana; it was sent by the payee through the
mails to the defendant, who lived in Missouri; the latter
signed the note in Missouri, and returned it by mail to the
payee at Logansport; the defendant understood that the note
was to be negotiated at the bank in Logansport in order to
relieve the payee from temporary financial embarrassment;
that the payee was unable to discount the note in Logansport,
and that he subsequently transferred it to plaintiff, a Missouri
corporation, as security or in part payment of a pre-existing
debt, and for the further consideration of the sale of certain
goods. The defendant read in evidence the statutes of Indiana,

to wit: "Section 6964. A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner, and such contracts as to her shall be void."

The validity or invalidity of a contract must be determined by the law of the state where it is made. Generally the place of contract is where the contract is executed and delivered. If it is actually signed in one state and delivered in another, in legal contemplation it is executed at the place of delivery. Phoenix Ins. Co. v. Simons, 52 Mo. App. 357; Stix v. Matthews, 63 Mo. 373; Millikin v. Pratt, 125 Mass. 374; Hill v. Chase, 143 Mass. 129; Gay v. Rainey, 89 Ill. 221; Butler v. Meyer, 17 Ind. 77; Bell v. Packard, 69 Me. 105; Lawrence v. Bassett, 5 Allen (Mass.) 140; Baum v. Birchall, 24 Atl. Rept. (Pa.) 620.

The note in suit was delivered to Sharpe, the payee, in the state of Indiana (Insurance Company v. Simons, *supra*), and had it been executed by defendant for value, or had Sharpe negotiated it in the state of Indiana, it would unquestionably have been an Indiana contract. But the plaintiff's evidence takes the case out of the operation of this general rule. The defendant was an accommodation maker of the note, and by delivering it to the payee she constituted him her agent to negotiate it, and until transferred or put in circulation by the payee, it has no validity against the defendant. Therefore the negotiation of the note, and not its execution and delivery, gave it life. If, therefore, the transfer by the payee to plaintiff was made in Missouri, the note became a Missouri contract. Thus in Tilden v. Blair, 21 Wall. 241; Stubbs v. Colt, 30 Fed. Rep. 417; Cook v. Litchfield, 5 Sanford, 330; Stanford v. Pruett, 27 Ga. 243, it is held substantially, that "accommodation paper only becomes a valid promise to pay money, and binding upon the indorsee, when it is delivered to the person who gives a valuable consideration

·for it, and that consequently, the place where the indorsement becomes effective, is the place where, legally speaking it was made."

I therefore concur in reversing judgment and remanding the cause.