AMERICAN SCHOOL OF OSTEOPATHY, Respondent, v. T. E. TURNER, Appellant.

**Kansas City Court of Appeals, May 9, 1910.**

**LIMITATION OF ACTIONS: Origin of Cause of Action: Foreign Statute: Application Here.** A suit in Missouri on a note made in Pennsylvania, dated and payable in Missouri and delivered in Missouri, is not barred by the Pennsylvania Statutes of Limitation, but is governed by our own statute.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Smoot & Cooley* for appellant.

*Campbell & Ellison* and *Chas. E. Murrell* for respondent.

BROADDUS, P. J.—This is a suit on a lost note. The plaintiff's evidence went to show that the following was a true copy:

"$500.         KIRKSVILLE, Mo., Sept. 1st, 1898.

On or before three years after date we promise to pay to the American School of Osteopathy, or order, five hundred dollars, $500.00. For value received, negotiable and payable at the office of the American School of Osteopathy in Kirksville, Mo., with 7 per cent interest per annum thereon from date, which interest shall be due and payable annually; and if the interest thereon be not paid annually, the same shall, when due, be added to and become a part of the principal and bear interest at the same rate.

GRACE C. CAMPBELL,
T. E. TURNER."

The plaintiff recovered judgment and defendant appealed.

The evidence showed that the defendant Turner when he signed the note was in the State of Pennsylvania, his place of residence. The note after it was signed by both Turner and Grace C. Campbell was brought by her and delivered to plaintiff at Kirksville, Mo.

The defendant introduced in evidence the laws of the State of Pennsylvania to prove that thereunder the note was extinguished by lapse of time. The suit was commenced August the 3d, 1908, over five years from the time the note became due. Whatever may be the law of Pennsylvania governing the limitation of actions on written obligations for the payment of money or their extinguishment for lapse of time it is not necessary for us to consider.

It is true that the law of that State would apply if the contract in suit had been made in that State. The fact that the defendant Turner resided in and was in the State of Pennsylvania at the time he signed the note does not fix the place of execution of said note. It was not executed until delivered to and accepted by the plaintiff in the State of Missouri, where the contract provided it should be payable. [Life Ins. Co. v. Simons, 52 Mo. App. 357; Hauck v. Sharp, 83 Mo. App. 385.] "The general rule . . . is, that the place where a contract is made, depends not upon the place where it is written, but upon the place where it is delivered as consummating the bargain." [Johnston v. Gawtry, 11 Mo. App. l. c. 330.] The contract was not barred by the statute of this State. The cause was tried by the court, a jury being waived by the parties, and as there is evidence to sustain the finding and judgment it is affirmed. All concur.