No. 13,873.

BAER BROS. vs. MRS. C. G. TERRY AND HUSBAND.

SYLLABUS.

1. It is held that defendant's husband was acting for his own account and not as agent of defendant in buying the mules, the price of which is sued for.
2. If by Missouri law a wife may bind herself for a debt of her husband, and if a wife while residing in Missouri does so bind herself, the obligation will be enforced against her after she becomes a resident of this State.
3. Capacity to become obligated on promissory notes is tested by the law of the domicile, not by the law of the place where the notes are payable.

IN RE Baer Bros. Applying for *Certiorari*, or Writ of Review, to the Court of Appeals, Second Circuit, State of Louisiana.

---

*Hudson, Potts & Bernstein,* for Applicants.

---

*Andrew Augustus Gunby,* for Defendants, Respondents.

---

The opinion of the court was delivered by

PROVOSTY, J. The husband of the defendant bought twelve mules of the plaintiffs in Bellville, Illinois, and for $677.50 of the price gave the two notes of himself and defendant, executed in St. Louis, Missouri, and reading, *we promise to pay;* and for $27.00 of the price gave a note executed in Bellville, Illinois, and signed by himself alone. He represented to the plaintiffs that he was buying the mules for his wife and as her agent.

The petition, after alleging the sale, without however stating where it took place, and after alleging the indebtedness of the defendant for the purchase price, and that the consideration of this indebtedness inured to the separate benefit of defendant and of her paraphernal property—goes on to allege that at the date that the sale was made

three notes were given by defendant, and that these notes are annexed to the petition for reference. The notes are not expressly stated to have been given for the purchase price of the mules, and are not described, except as here stated. They were filed with the petition.

Defendant is sued as purchaser of the mules, not as maker of the notes; she is sued as a Louisiana wife bound for the price of movables purchased by her for the separate benefit of herself and her paraphernal property; not as a Missouri wife bound on notes executed by her in the State of her domicile, for a debt of her husband. The petition contains not a word of allegation of the laws of Missouri, or of the notes having been executed while defendant was a resident of Missouri.

These things in order to be proved had to be alleged; and in this we agree with defendant's counsel. But we differ with the able and learned counsel in his contention that because the notes are made payable in Louisiana, the capacity of the defendant to make them must be tested by Louisiana law. Capacity to contract is tested by the law of the domicile. Rorer Interstate Law, p. 263. Nor do we agree with the counsel's contention that, assuming defendant to have been liable on the notes before she came to this State, the law of this State prohibiting wives from binding themselves for the debts of their husbands precludes recovery against her. That law is satisfied and its whole object and purpose is accomplished when Louisiana wives are protected against binding themselves for the debts of their husbands;—this protection is not extended to Missouri wives, and if these bind themselves in the State of their domicile for the debts of their husbands, they cannot be permitted to come to this State to be divorced from their obligations. When defendant crossed our borders as an immigrant to our soil the debt was already hers, and it has continued to be such. There is nothing in the atmosphere of Louisiana law and Louisiana jurisprudence to disintegrate, or dissolve, valid obligations; to such it is a healthful and bracing atmosphere.

Is defendant bound as purchaser of the mules? At the time of the purchase of the mules and of the execution of the notes defendant and her husband lived in St. Louis, Missouri. They each owned a plantation in Louisiana, near Monroe. The defendant's plantation was in charge of renters, who supplied themselves and owned their own teams. Defendant's control and management of the plantation consisted in being owner of it and in receiving the rent after the local bank had collected it. The husband of defendant would come to Louisiana every

spring, to see after his own plantation, and would incidentally attend to taking the rent notes from the defendant's tenants—who were the same from year to year—and in depositing these notes in the local bank. The twelve mules were consigned by the husband to a merchant in Monroe with whom he was dealing, and were placed in a livery, and there were taken by tenants from both plantations, by arrangement made with the husband, five of the mules going to defendant's tenants. These tenants had good credit with the local merchants, and nothing shows that there was any necessity for the defendant to get mules for them, or that the mule transaction was not a venture of the husband's on his own private account. The defendant testifies that she did not buy the mules; that her husband bought them for his own account; that she had nothing to do with the transaction; that her husband was not her agent. From these facts there is but one possible conclusion, and that is that the husband was not the agent of defendant in the purchase of the mules. His saying to plaintiffs that he was her agent, did not make him so. The statements did not emanate from the defendant, and were not in the nature of admissions; and when sought to be proved by the witnesses who heard them were merely hearsay, and were properly objected to on that ground.

The judgment of the Court of Appeals is affirmed with costs in both courts.