# GARRIGUE ET AL. *v.* KELLAR.

### [No. 20,526. Filed May 23, 1905.]

1. BILLS AND NOTES.—*Executed in One State.*—*Payable in Another.*—*What Law Governs.*—Where a promissory note is executed in one state and made payable in another the law applicable to such note is: (1) All matters bearing upon its execution, interpretation, validity and the capacity of the parties to contract are governed by the law where the note is executed; (2) all matters bearing upon payment, presentation, notice, demand, protest and damages for nonpayment are governed by the law where the note is payable; (3) all matters respecting the remedy, bringing of suit, service of process, and admissibility of evidence are governed by the law where suit is brought. p. 679.

2. CONTRACTS.—*Lex Loci Contractus.*—*What Law Governs.*—A contract must be construed and its validity determined by the laws of the state where executed, unless the parties agreed that it should be governed by the laws of another state. p. 681.

3. SAME.—*Validity in Other States.*—A contract, valid where executed, is valid everywhere. p. 681.

Garrigue v. Kellar.

4. **Bills and Notes.**—*Lex Loci Contractus.*—*Lex Loci Solutionis.*— *Validity.*—A promissory note executed· in Illinois by a husband as principal and his wife as surety and payable at a bank in Indiana, is valid as against such wife, the law of Illinois permitting a married woman to become surety.   p. 681.

5. **Same.**—*Intention That Laws of Another State Should Govern.*— *How Shown.*—The fact that a note is made payable in another state does .not constitute conclusive evidence or clearly manifest an intention that the parties desired the laws of such state to govern such note, especially where the laws of such state would render such note wholly void as to one of the parties.   p. 681.

6. **Same.**—*Essence of Contract.*—*Place of Payment.*—*Tender.*—The essential contract contained in a note is the agreement to pay the sum therein named, the place of payment being but an incident entitling the makers to be freed from any damage for nonpayment when they show' they were ready to make payment at such place, but not entitling them to a discharge.   p. 682.

7. **Same.**—*Lex Loci Contractus.*—*Lex Loci Solutionis.*—*Validity.*—A promissory note executed in Indiana and made payable in another state is, as to its validity, governed by the laws of Indiana.   *Hunt v. Standart* (1860), 15 Ind. 33;   *Midland Steel Co. v. Citizens Nat. Bank* (1904), 34 Ind. App. 107;   *Butler v. Myer* (1861), 17 Ind. 77;   *Browning v. Merritt* (1878), 61 Ind. 425;   *Gray v. State, ex rel.* (1880), 72 Ind. 567;   *Kopelke v. Kopelke* (1887), 112 Ind. 435;   *Fordyce v. Nelson* (1883), 91 Ind. 447;   *Brown v. Jones* (1890), 125 Ind. 375, distinguished.   p. 683.

8. **Same.**—*Consideration.*—*Renewal.*—*Principal.*—Where a married woman becomes surety on her husband's note in Illinois, and when due they execute another note in renewal of such note, the surrender of the former note is a sufficient consideration for such second note, and as to the payee, such woman is a principal on such renewal note. p. 684.

9. **Trial.** — *Interrogatories.* — *Bills and Notes.* — *Married Woman.* — *Suretyship.*—Where the answers to the interrogatories to the jury show that the defendant husband, as principal, and defendant wife, as surety, signed the notes in suit at Chicago, Illinois, and mailed same to plaintiff bank in Indiana, and that such notes were made payable at plaintiff bank, such answers are not in conflict with a general verdict for plaintiff against both defendants, since by the laws of Illinois such notes were valid as to the defendant married woman.   p. 685.

10. **Evidence.**—*Bills and Notes.*—*Execution.*—*Inference from Place of Payment as to What Law Governs.*—*Statements by Maker in Absence of Surety.*—Where the proof shows that as to the principal the notes in suit were Illinois contracts and the only evidence on behalf of the wife that the notes were governed by the laws of Indiana was the notes' showing on their face that they were payable in Indiana, evidence of a statement of the husband's that the wife's "signature would

be good against her property" is harmless as to the wife, since it will not be inferred from the fact that the notes were made payable in Indiana that they were to be governed as to their validity by the laws of Indiana. p. 686.

11. APPEAL AND ERROR.—*Waiver.—Briefs.—Supreme Court Rules.*— Where an alleged erroneous instruction is not set out in full or in substance in appellant's brief, by subdivision 5, rule 22, such error is waived. p. 687.

12. BILLS AND NOTES.—*Delivery.—Mails.*—The mailing of a letter containing promissory notes, in the postoffice at Chicago, Illinois, properly addressed to the plaintiff bank at Kendallville, Indiana, constitutes a delivery of such notes at Chicago, Illinois. p. 687.

13. CONTRACTS.—*Bills and Notes.—Married Woman.—Suretyship.— Public Policy.*—The enforcement of a note in Indiana against a married woman who executed it as the surety of her husband in Illinois, is not contrary to good morals, nor public policy nor prohibited by the laws of Indiana, and is in accord with the principles of comity between states. p. 688.

From Noble Circuit Court; *David V. Whiteleather,* Special Judge.

Action by Jacob Kellar against Lida M. Garrigue and another. From a judgment for plaintiff, defendants appeal. Transferred. from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*L. W. Welker,* for appellants.
*R. P. Barr* and *Chapin & Denny,* for appellee.

MONTGOMERY, J.—This action was brought upon three promissory notes executed by appellants to the Noble County Bank, and payable at said bank, and by it assigned before maturity to appellee. Appellee filed with his complaint an affidavit and undertaking, and obtained a writ of attachment upon which certain real estate owned by appellant Lida M. Garrigue was attached.

Appellant Lida M. Garrigue answered the complaint, (1), by general denial, and, (2), by alleging her suretyship and coverture. Appellee replied in three paragraphs to the second paragraph of answer: (1) That at the time of the execution of said notes said appellant Lida M. Garrigue

was, and that she still is, a resident of the state of Illinois; that said notes were executed in said state; and that under the laws of said state, set out in full, she had the capacity to execute said notes as surety. (2) The same averments as in the first, and further, that said notes were given in renewal of a note for the principal sum of $3,750, executed by both of the appellants on the 30th day of July, 1900, in the city of Chicago, and payable in said city in one year after date, for money loaned and paid to R. H. Garrigue in the city of Chicago. (3) General denial.

The cause was tried by a jury, and a general verdict returned for appellee, with answers to interrogatories. Appellant Lida M. Garrigue unsuccessfully moved the court for judgment in her favor upon the answers to interrogatories, and for a new trial, and judgment was thereupon rendered in favor of appellee for $4,300, and for the sale of the attached real estate.

The assignment of errors requires us to review the decision of the court in overruling the demurrer to the first and second paragraphs of reply, and in overruling the motion for judgment on the special findings of the jury, and in overruling the motion for a new trial.

1. The first question for decision is presented by appellant Lida M. Garrigue's demurrer to the first paragraph of reply, and is this: Is a note executed in Illinois by a married woman as surety, while domiciled in that state, but made payable at a bank in this State, valid and enforceable in Indiana? The statute of Illinois in regard to contracts of married women, in force at the time of the execution of the notes in suit, and at all other times covered by this controversy, is as follows: "Contracts may be made and liabilities incurred by a wife, and the same enforced against her, to the same extent and in the same manner as if she were unmarried; but, except with the consent of her husband, she may not enter into or carry on any partnership business, unless her husband has abandoned or deserted her, or is idiotic

or insane, or confined in the penitentiary." R. S. 1899 (Ill.), p. 959, §6. The Indiana statute applicable to the matter under consideration is as follows: "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." §6964 Burns 1901, §5119 R. S. 1881.

The decisions of the courts of different states upon the question before us are in irreconcilable conflict and in hopeless confusion. It has been held by some courts that when conflicting laws affect the enforcement of a contract like the one in suit, the law of the domicile of the maker governs; by others, the law of the place of execution; by others, the law of the place of performance, and by others, the law of the place of enforcement. We can not reconcile the cases, or harmonize the divergent views contained in the books, but must be content to extract therefrom such principles as we believe to be sound, and declare the law as it is and ought to be in this State. The law applicable to promissory notes executed in one state and payable in another, having conflicting laws, may be summed up as follows: 1. All matters bearing upon the execution, the interpretation and validity of the note, including the capacity of the parties to contract, are to be determined by the law of the place where the contract is made. 2. All matters connected with the payment, including presentation, notice, demand, protest and damages for nonpayment, are to be regulated by the law of the place where, by its terms, the note is to be paid. 3. All matters respecting the remedy to be pursued, including the bringing of suits, service of process, and admissibility of evidence, depend upon the law of the place where the action is brought. *Scudder* v. *Union Nat. Bank* (1875), 91 U. S. 406, 23 L. Ed. 245; *Bowles* v. *Field* (1897), 78 Fed. 742; *Union Nat. Bank* v. *Chapman* (1902), 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. 614; *Ruhe* v. *Buck* (1894), 124 Mo. 178, 27 S. W. 412, 25 L. R. A. 178,

46 Am. St. 439; *Mendenhall* v. *Gately* (1862), 18 Ind. 149.

2. A contract must be construed and its validity determined under the laws of the state where it is executed, unless it can be fairly said that the parties at the time of its execution clearly manifested an intention that it should be governed by the laws of another state. *Grand* v. *Livingston* (1896), 4 Hun, App. Div., 589, 38 N. Y. Supp. 490; *Hauck Clothing Co.* v. *Sharpe* (1900), 83 Mo. App. 385; Wharton, Confl. of Laws (3d ed.), §401.

3. If a contract is valid in the state where it is executed, it is valid everywhere. *Milliken* v. *Pratt* (1878), 125 Mass. 374, 28 Am. Rep. 241; *Wright* v. *Remington* (1879), 41 N. J. L. 48, 32 Am. Rep. 180; *Taylor* v. *Sharp* (1891), 108 N. C. 377, 13 S. E. 138; *Holmes* v. *Reynolds* (1883), 55 Vt. 39; *Miller* v. *Wilson* (1893), 146 Ill. 523, 34 N. E. 1111, 37 Am. St. 186; *Baer Bros.* v. *Terry* (1901), 105 La. 479, 29 South. 886; *First Nat. Bank* v. *Mitchell* (1899), 92 Fed. 565, 34 C. C. A. 542.

4. Applying these general principles to the case in hand, it is our conclusion that the validity of the notes in suit, as to the appellant Lida M. Garrigue, must be determined by the laws of Illinois, where it is alleged they were executed, notwithstanding the fact that the place of payment was in Indiana.

5. If the notes were executed in Illinois, as averred, and were valid there, the designation of a place of payment within this State will not be accepted as conclusive evidence, or as clearly manifesting an intention by the parties that their validity should be governed by the laws of Indiana, when such an interpretation would render them wholly void as to one of the makers. This conclusion is supported by the rule of sanity and honesty, "that no contract must be held as intended to be made in violation of the law, whenever, by any reasonable construction, it can be made consistent with the law, and which it was competent for the

parties to adopt." *Bell* v. *Packard* (1879), 69 Me. 105, 31 Am. Rep. 251; Wharton, Confl. of Laws (3d ed.), §429.

6. The substantial essence of a contract evidenced by a promissory note is the undertaking by the makers to pay the principal sum of money named. The place of payment is an incidental matter. The makers are not discharged from their principal obligation by an unaccepted tender of the amount owing, at the time and place designated for payment, but by such tender are released only from liability for damages which otherwise would accrue from nonpayment. Makers of promissory notes can not insist that they will pay at the place designated or not at all, but may be sued upon their obligation and payment of the principal amount enforced at any place where jurisdiction over their persons or property may be acquired.

In the case of *Union Nat. Bank* v. *Chapman, supra,* a married woman executed a note as surety, in Alabama, payable in Illinois, and the court said: "It seems clear that the capacity of Mrs. Chapman to contract must be determined by the law of the state where the contract was executed unless it can fairly be said that she, at the time of the execution of the instrument, clearly understood and intended that it should be governed by the laws of another state. Such an intention or understanding is not manifest in this case."

In the case of *Hauck Clothing Co.* v. *Sharpe, supra,* the defendant was a married woman and resided in Missouri, where she executed a note for the accommodation of her son, and made it payable at a bank in Indiana, the court said: "The law of the place of performance does not in any way affect the capacity of a married woman to contract in a state which authorized her to make the contract, unless made with reference to real estate situated in the state of performance, or it is apparent from the terms of the contract that the parties intended to incorporate the laws of the state of performance in the contract."

From the case of *William Glenny Glass Co.* v. *Taylor*

(1896), 99 Ky. 24, 34 S. W. 711, we quote the following paragraph: "The mere fact that the note was made payable in New York and received by the payee in that city, under the circumstances of this case, is not sufficient evidence of the fact that it was intended the law of that state should govern, or its validity to be tested by the statute in regard to usury. We will not assume, nor does the evidence authorize such a conclusion, that the brother living in Washington and executing the note in that place, and his sister executing the note in Bracken county, Kentucky, regarded or expected their liability to be determined by the statute of New York, and when sued in Kentucky could defeat the recovery upon the paper on the ground that the charge of the extra interest rendered the entire obligation void."

7. Our statute makes void, at her option, the suretyship contracts of a married woman executed within this State. If a promissory note executed within this State by a married woman, as surety, by merely inserting therein that it should be payable in Cincinnati, Chicago or St. Louis, might be made an Ohio, Illinois or Missouri contract, and thereby rendered valid and enforceable against her, our statute would be easily evaded, and its beneficent provisions in a large measure destroyed. We can not so construe these contracts, but the declarations of principles above quoted accord with our views, and the conclusion follows that appellee's first paragraph of reply was sufficient, and the demurrer to the same was rightly overruled.

Appellant Lida M. Garrigue has cited a number of Indiana cases, in some of which the court has said that the maker of a promissory note will be held liable according to the place where it is payable. This and other like statements were made with regard to the liability of the maker to pay interest or damages after protest, and the decisions of the questions properly presented in those cases are not in conflict with the result reached in this case.

In the cases of *Hunt* v. *Standart* (1860), 15 Ind. 33, 77

Am. Dec. 79, and *Midland Steel Co.* v. *Citizens Nat. Bank* (1904), 34 Ind. App. 107, the only question involved was the liability of the indorsers. In the cases of *Butler* v. *Myer* (1861), 17 Ind. 77, *Browning* v. *Merritt* (1878), 61 Ind. 425, *Gray* v. *State, ex rel.* (1880), 72 Ind. 567, and *Kopelke* v. *Kopelke* (1887), 112 Ind. 435, the contention related only to the rate of interest recoverable. In *Fordyce* v. *Nelson* (1883), 91 Ind. 447, the question was as to the negotiability of the note, and in *Brown* v. *Jones* (1890), 125 Ind. 375, 21 Am. St. 227, the controversy was with regard to days of grace and the time of protest.

8. If the first paragraph of reply was sufficient, it follows also that the second paragraph is good. The second paragraph, in addition to the allegations of the first, averred that the notes in suit were given in payment of a prior note for the same amount, executed by the same parties in the state of Illinois, and payable in that state. The first note, upon the facts alleged, was a valid and enforceable obligation against both the makers. The surrender of this note was a sufficient consideration for the execution of the renewal notes, and by the execution of the renewal notes the appellant Lida.M. Garrigue, as between her and the payee, became bound, not as surety, but as principal. *Vogel* v. *Leichner* (1885), 102 Ind. 55; *Young* v. *Hart* (1903), 101 Va. 480, 484, 44 S. E. 703; *Savage* v. *Fox* (1880), 60 N. H. 17; *New York Life Ins. Co.* v. *McKellar* (1895), 68 N. H. 326, 44 Atl. 516. In the case of *Young* v. *Hart, supra,* the court said: "The circuit court was of opinion that, treating Mrs. Young as a mere surety on the Chicago notes, which she had the unquestioned capacity to make, she could have been sued upon them in either the state of Pennsylvania or the state of Kentucky, and personal judgment recovered against her, and that the renewal of the notes in the state of Pennsylvania under the facts of this case did not release her, nor lessen her liability." The court did not err

in overruling appellant Lida M. Garrigue's demurrer to the second paragraph of reply.

9. In answer to interrogatories propounded by the parties, the jury found the following facts specially: That the three notes were given in renewal of a note for $3,750, dated July 30, 1900, for money loaned to R. H. Garrigue, and upon which Lida M. Garrigue was surety, and for the payment of which collateral security was pledged, and which note was signed in Chicago, and sent by mail to the Noble County Bank at Kendallville, Indiana, and a draft for the amount, less exchange and revenue stamps, sent by mail to R. H. Garrigue at Chicago; that the notes in suit were executed in Chicago, Illinois, where the said Lida M. Garrigue then resided, and ever since has resided, and that at and before that time the statute hereinbefore set out was, and the same still is, in force in said state; that said notes were signed by Lida M. Garrigue as surety for her husband, who, with her consent, enclosed them in a sealed letter, and mailed them, with a draft for the interest accrued on the old note, at Chicago, directed to the Noble County Bank at Kendallville, Indiana; that the notes were prepared and sent by the bank to R. H. Garrigue, at Chicago, who inserted the words "on or before," and signed and caused his wife to sign them, and that the signing and mailing at Chicago as aforesaid was done in pursuance of an agreement to that effect between R. H. Garrigue and appellee, president of, and acting for, said bank; that the bank received said notes by mail, and thereupon returned the old note by mail to R. H. Garrigue, at Chicago, and subsequently indorsed the notes to appellee; and that the bank and appellee at all times knew that Lida M. Garrigue was surety for her husband on said notes. These facts were not in conflict with the general verdict, but, in our opinion, support it; and what has already been said in discussing the sufficiency of the replies leads to the conclusion that there was no error in overruling

appellant Lida M. Garrigue's motion for judgment in her favor upon the answers to interrogatories, notwithstanding the general verdict.

Appellant Lida's motion for a new trial embraced a number of causes, many of which have been waived.

10.   Appellee testified to a conversation between himself and R. H. Garrigue, had at Chicago the latter part of July, 1901, with regard to the payment or renewal of the note then outstanding and almost due, in which Mr. Garrigue said that he could not pay the note, but would make new notes on shorter time, and have his wife sign them, and the notes would then be sent to Kendallville, and that a wife could sign in Illinois, and her signature would be good against her property; and appellee said that would be satisfactory.   Appellant Lida M. Garrigue insists that the admission of this evidence over her objection was error.   Appellee suggests that the record does not show that she was not present during this conversation.   Her absence is not shown, unless it may be implied from the objection itself. As we have already shown, it will not be inferred from the substance of the notes themselves that they were Indiana contracts, and appellee's case was already made out, without reference to this extraneous evidence.   If the notes were Illinois contracts as against the principal maker, they were the same also as to the surety under the facts of this case. Appellant Lida M. Garrigue had no evidence, other than the notes themselves, upon which to rest her contention that they were Indiana contracts.   It follows, therefore, that, conceding her absence, and that she could not be bound by the conversation to which objection was made, the utmost that may be said is that the evidence was harmless.

Exceptions were taken to the giving and refusal of the court to give, upon request, a number of instructions.   The general ground of the objections of the appellant Lida M. Garrigue to these instructions was predicated upon the view

that the law of the place of payment governs the validity of the notes. This subject has been sufficiently discussed.

11. Objection is urged to instruction number thirteen given by the court; but we are unable to find this instruction, either in full or in substance, set out anywhere in the brief of appellant Lida, and must treat the objection as waived for noncompliance with subdivision five of rule twenty-two of this court. *Chicago Terminal Transfer Co.* v. *Walton* (1905), 165 Ind. —; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Barricklow* v. *Stewart* (1904), 163 Ind. 438.

The remaining question presented by the motion for a new trial is whether the verdict of the jury is sustained by sufficient evidence, or is contrary to law.

12. Appellant Lida M. Garrigue's counsel contends that the notes were not delivered in Illinois, but in Indiana, and if this contention is true then they are Indiana contracts, and the judgment must be reversed. A precedent agreement between the principal in the notes and the appellee acting for the payee was shown by the evidence, according to the terms of which the notes were to be signed by the makers in Chicago and sent to the payee by mail. They were properly signed, sealed in an envelope addressed to the payee, and delivered to the United States mail in the city of Chicago, according to agreement, and, in our opinion, the delivery was then and thereby completed.

In the case of *Purviance* v. *Jones* (1889), 120 Ind. 162, 16 Am. St. 319, Justice Mitchell, speaking for the court at page 164, says: "While it is not indispensable that there should have been an actual, manual transfer of the instrument from the maker to the payee, yet to constitute a delivery it must appear that the maker, in some way, evinced an intention to make it an enforceable obligation against himself, according to its terms, by surrendering control over it, and intentionally placing it under the power of the payee, or of some third person for his use."

Garrigue v. Kellar.

In the case of *William Glenny Glass Co.* v. *Taylor* (1896), 99 Ky. 24, 34 S. W. 711, involving conflicting laws, Pryor, C. J., in the opinion says: "The note, when signed by Mary D. Bradford in Kentucky, and inclosed to the payee, was an executed instrument; as much so as if the payee had been present and the note delivered to her in Kentucky."

In the case of *Barrett* v. *Dodge* (1890), 16 R. I. 740, 19 Atl. 530, 27 Am. St. 777, the court, speaking upon the question under immediate consideration, said: "In the absence of instruction to the maker as to the mode by which he should return them when signed, the payees must have contemplated that the maker would return them by the natural and ordinary mode of transmitting such obligations, and must be deemed to have authorized him so to return them. The natural and ordinary mode of transmitting them was by mail, the mode adopted by the maker. In such cases the post-office may be regarded as the common agent of both parties; of the maker for the purpose of transmitting the note, and of the payee for the purpose of receiving it from the maker. By depositing the note in the mail with the intent that it shall be transmitted to the payee in the usual way, the maker parts with his dominion and control over it, and the delivery is in legal contemplation complete."

13. We accordingly conclude that the notes were fully executed by delivery in the state of Illinois, and are Illinois contracts, and under the laws of that state valid against both the makers. The notes being valid under the laws of Illinois are equally valid and enforceable in this State, by the principle of comity, unless their enforcement would be contrary to good morals, or in violation of public policy, or forbidden by positive law. It is clear that a contract of suretyship by a married woman, executed in a foreign state, is not in itself immoral, nor is its enforcement forbidden by our laws. In some states, where the common-law disabilities of married women still exist, it has been held that the enforce-

ment of such an alleged contract against them would be contrary to the public policy of the state, and that it was non-enforceable within that jurisdiction. Almost all the states of the Union have removed substantially all the disabilities of married women to contract, and in the interests of commerce and business, and upon the principle of comity among the states, have sustained and enforced contracts validly executed elsewhere, although the particular contract, if executed within such states, would have been unauthorized and invalid.

In the case of *Baer Bros.* v. *Terry* (1901), 105 La. 479, 29 South. 886, the supreme court of Louisiana, speaking to this point, said: "Nor do we agree with the counsel's contention that, assuming defendant to have been liable on the notes before she came to this state, the law of this state prohibiting wives from binding themselves for the debts of their husbands precludes recovery against her. That law is satisfied and its whole object and purpose is accomplished when Louisiana wives are protected against binding themselves for the debts of their husbands;—this protection is not extended to Missouri wives, and if these bind themselves in the state of their domicile for the debts of their husbands, they can not be permitted to come to this state to be divorced from their obligations. When defendant crossed our borders as an immigrant to our soil the debt was already hers, and it has continued to be such. There is nothing in the atmosphere of Louisiana law and Louisiana jurisprudence to disintegrate, or dissolve, valid obligations; to such it is a healthful and bracing atmosphere." See, also, *Wright* v. *Remington* (1879), 41 N. J. L. 48, 32 Am. Rep. 180.

We hold, in accord with the great weight of authority, that the enforcement of the notes in suit against appellant Lida M. Garrigue is in no sense violative of the public policy of this State. There is no suggestion that any unfair means or undue influence was used to procure the execution

Vol. 164—44

of the notes, and, their collection not being in conflict with our public policy, we affirm that the verdict is sustained by the evidence, and in accordance with the law, and that the motion for a new trial was properly overruled.

The judgment is affirmed.