Action by the police jury of Avoyelles against the town of Mansura. Judgment for plaintiff, and defendant appeals. Affirmed.

Peterman & Couvillon, for appellant. Joseph William Joffrion, Dist. Atty., for appellee.

PROVOSTY, J. In the suit between the same parties this day decided (44 South. 23)[1] this court holds that the effect of a parish election establishing prohibition continues until another parish election is held on the same question, and that a town cannot emancipate itself from the effect of such parish election by holding an election of its own. That case is conclusive of this. The only difference between the two cases is that this case involves the licenses for 1907, whereas the former case involved those for 1906, and that the parish did not hold another election for voting out licenses for 1906, whereas it held one for 1907, which resulted, however, against license, like the former.

The parish having been at liberty to hold an election every year, and both elections having had the same result, the holding of the second could not possibly have detracted from the authority of the first, but could only have confirmed it.

Judgment affirmed.

BREAUX, C. J. I concur in the decree.

_____

(44 South. 26.)

No. 16,469.

FRERET v. TAYLOR.

(April 29, 1907. Rehearing Denied May 27, 1907.)

1. HUSBAND AND WIFE — ACTION AGAINST WIFE—JOINDER OF HUSBAND—LAW OF DOMICILE.

A woman, sued on a lease of two residences in New Orleans, defended upon the ground that she was a married woman, that her husband had

[1]Ante, p. 300.

not authorized her to create the debt, and that, if it existed, it was a debt of the community, for which she was not personally liable. She also defended on the ground that she had not been brought into court with her husband joined to aid and assist her, or by authority of the court.

2. SAME.

Defendant's domicile was with her husband in Missouri. She came into Louisiana without his authority or consent. She was authorized by the court to file an answer in the case. Under the law of Missouri married women are deemed femes sole so far as to carry on and transact business on their own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against their property such judgments as may be rendered against them, and may sue or be sued, at law or in equity, with or without their husbands being joined with them as a party. The district judge authorized her to file an answer in the case. Judgment was rendered against her, and she has appealed. The judgment is affirmed. *Held*, there are no questions of community rights or obligations involved. Having the right under the law of her domicile to enter into contract as a feme sole, and to sue and be sued without her husband being joined as a party, her status, as to contracting and as suing and being sued, accompanies her to Louisiana, unless controlled by considerations of public policy. Laws enacted in certain states for the protection of married women, by requiring the authorization of their husbands joined with them when sued, are personal statutes; and if in the states of the domicile of the parties such protective laws are not deemed necessary, but, on the contrary, more narrow and restrictive than they should be, it is not the duty of the state in which they may temporarily remove to safeguard their rights or restrict their actions differently from what is provided for in the states of their domicile.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 3, 4.]

3. PLEADING—ISSUES—PROOF.

An authority given by the court to file an answer in a case carries with it, as a legal consequence, a right to make good, if she can, all allegations of the answer.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Suit by William A. Freret on a lease against Alice A. Taylor. From a judgment for plaintiff, defendant appeals. Affirmed.

Lyle Saxon and Henry G. Stewart, for appellant. Hall & Monroe, for appellee Freret. Dinkelspiel, Hart & Davey, for appellee civil sheriff of parish of Orleans.

## Statement of the Case.

NICHOLLS, J. On the 14th of September, 1905, the plaintiff leased to Mrs. Alice A. Taylor, the defendant herein, the two residences, known as "1519 and 1525 Joseph Street," in the city of New Orleans, for the term of three years, commencing on the 1st of October, 1905, and ending on the 30th of October, 1908, for and in consideration of a monthly rental of $150, payable monthly. In the act of lease it was declared that the lessee had executed and delivered to plaintiff notes in representation of the different installments of rent; but in point of fact such notes were not delivered nor executed. One of the stipulations of this lease was that, on failure of the lessee to pay the rent punctually at maturity, the rent for the whole unexpired term of the lease should, without putting the lessee in default, become at once due and exigible, and in case it became necessary to put the claim in the hands of an attorney for collection, the lessee should pay, as counsel fees, an additional sum of 10 per cent. on the sum so due and exigible, and, should the lessee in any manner violate any of the conditions of the lease, the lessor reserved to him the right of immediately canceling the lease without putting the lessee in default; the lessee expressly waiving the legal notice to vacate the premises. The lessee agreed to make no sublease, in whole or part, without the consent of the lessor.

On the 28th of March, 1906, the plaintiff instituted the present suit against defendant, asking judgment against her for the sum of $4,750, with interest from judicial demand, and recognition of his lessor's privilege upon all the property and furniture in the leased premises. In his petition plaintiff alleged that defendant had defaulted in paying part of one of the rent installments, and under the stipulation stated the rent for the whole unexpired term of the lease had become due and exigible.

A writ of provisional seizure was ordered to issue, and did issue, as prayed for, under which the sheriff seized the property and furniture in the leased premises.

On the 28th of March the defendant, under authority of the court so to do, filed a motion to dissolve the writ of provisional seizure on the grounds (1) that the lease declared on was illegal and of no effect, for the reason that she was a married woman, and was so at the time of the signing of the lease, and she was not authorized by her husband to contract for or sign the lease; (2) that she was sued as a widow on said lease, when in truth and in fact she was a married woman, not separated from bed and board, nor divorced from her husband, and she could not stand in judgment in the suit, as the debt sued on was a community debt.

A sister of the defendant, a Mrs. Watkins, making affidavit that the furniture seized belonged to her, the sheriff compelled the plaintiff to furnish an indemnity bond. The husband of Mrs. Watkins intervened, claiming ownership of the furniture, and asked for an injunction against the sale. The court heard evidence on the intervention and the rule to dissolve, and dismissed both.

The defendant, then, with and under the authority of the court, filed an answer.

In this answer she denied that she was a widow, as claimed to be in the petition, and averred that she was a married woman, and was such at the date of the signing of the lease, and that she had always been known as a married woman; that she had never been judicially separated from her husband, who was then living in the city of St. Louis, Mo., and that, in no event, could she be held liable for the debts of her husband, as was being attempted, the debt sued on being a debt of the community existing between herself and her husband, for which he alone was liable; that, even in the event she could be held liable for the debt, she had not been

properly brought into court, as plaintiff's petition did not show that she was joined with her husband to aid and assist her, or in the absence of her husband, by the court, as the practice and the procedure of the Code of Practice provided in such cases. She denied that she was indebted unto the plaintiff whatever, under the lease as sued on. Assuming the position of plaintiff in reconvention, she prayed for a judgment for $500 for counsel fees, that her right to demand further damages be reserved, and that the writ of provisional seizure be set aside. The district court rendered judgment in favor of the plaintiff against the defendant for $1,150, with interest thereon, for $115 attorney's fees, with recognition and maintenance of plaintiff's landlord's lien and privilege on the property leased. Defendant has obtained and perfected a devolutive appeal from the judgment.

On the trial of the case an issue was raised as to whether or not the course of the plaintiff was due, as he claimed it was, to representations made by the defendant, prior to and at the time of the signing of the lease, that she was a widow, by reason of which fact she was estopped from asserting or claiming that she was not such. A good deal of testimony was taken on that point, which was evidently decided by the trial judge adversely to the defendant. The evidence established as a fact that she was a married woman prior to and at the time of the signing of the lease; that her husband was then, and is still, living at St. Louis; that he gave her no authority to make the lease or to stand in judgment in the present suit; that, though she and her husband were living apart, they had never been judicially separated or divorced; that her legal domicile was in the state of Missouri; that her husband had never lived in Louisiana, nor consented to his wife's coming to live in Louisiana; that there is presently pending in Missouri a suit brought against her by her husband for a divorce for desertion and ill treatment.

On the trial plaintiff offered in evidence section 4335 of the Revised Statutes of Missouri of 1899 [Ann. St. 1906, p. 2378], which is as follows:

"Sec. 4335. Wife deemed *femme sole* for what purposes.—A married woman shall be decreed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered against her, and may sue or be sued at law, or in equity, with or without her husband being joined as a party: provided a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property." Rev. St. 1889, § 6864.

### Opinion.

It will be noticed that in none of the pleadings filed by her does she assert or pretend that the property provisionally seized belongs to herself. It will be also noticed that the trial judge authorized her to file an answer in this case and that she has acted under such authority.

The defendant is temporarily within the state, without the consent or authority of her husband, and there is nothing before us tending to show that she acquired any property here. There is certainly none involved in the present litigation. The issue as to the ownership of the property seized is one entirely between the plaintiff and Watkins and his wife. Defendant has only been brought into court (as disclosed by the evidence) touching her personal liability for a debt contracted by herself. Having the right under the law of her domicile to enter into contracts as if a feme sole, her capacity to do so accompanies her wherever she may go, and her liability on such contracts is not extinguished by the fact that she may have exercised her legal right as this defendant

did into another state. Laws enacted by certain states for the protection of married women, by requiring the authorization of their husbands to their contracts, are personal statutes, and if, in the state where the parties have their domicile, such protective laws are not deemed necessary, but really more narrow and restrictive than they should be, it is not the duty of the states in which those parties may chance to temporarily sojourn to safeguard their rights or restrict their actions in a manner or to an extent other and different from what is provided for in the state of their domicile.

We think these remarks apply equally to protective statutes requiring women to be authorized by their husbands to stand in judgment in suits or to have their husbands joined with them in such suits. In the case at bar defendant herself sought and obtained the authority of the trial judge to file her answer. When she availed herself of the authorization and went into court, as she undoubtedly had the right to do, she joined issue with the plaintiff upon his demand, and from that time forward, if not before, she had full power to present all of her defenses. The authority to file the answer carried with it, as a legal consequence, the right to make good, if she could, all the allegations of that answer.

We find no error in the judgment appealed from, and it is hereby affirmed.