## 5181.

### (Court of Appeal, Parish of Orleans).

## AMERICAN BREWING CO. vs. ELLA SCHWARTZ.

1. A married woman domiciled in the State of New York and having the capacity under the laws of that State to contract, sue and be sued without the auhorization of her husband, may lawfully contract and be sued in this State without her husband's authorization.

2. Act No. 73 of 1884 which provides that the delay within which the answers of the garnishee may be traversed begins to run from the time when the notice of the filing of such answers has been served upon the opposite party, applies to garnishment proceedings in the City Courts of New Orleans.

Appeal from the First City Court, Division "C."

Gus. Lemle and A. A. Moreno, for plaintiff and appellant.

S. F. Gautier, for defendant and appellee.

GODCHAUX, J.—Sundry questions of law arising in this case have been referred to the court en banc by the judge of this court to whom the appeal had been alloted.

Defendant is sued as a resident of New York, for the price of merchandise sold and delivered, and, under an attachment that was issued, the garnishee answered that he had certain property in his possession belonging to the community existing between defendant and her spouse. The defendant having appeared and excepted to the suit on the ground that she was a married woman and could not be sued without the authorization of her husband, the plaintiff thereupon amended and set up that under the law of the State of New York, where the defendant and her husband were domiciled, a married woman may con-

— 312 —

tract, sue and be sued without such authorization.

The exception raises the question of whether or not a married woman domiciled in the State of New York and having the capacity under the laws of that State to be sued without her husband's authorization, can be sued in this State without such authorization.

There seems to be no conflict in the decisions of this State upon this question and they establish the principle that the wife's capacity to be sued is tested by the law of her domicile. Consequently in the present instance the laws of this State prescribing disabilities in matters of this character can have no application.

"The power of the husband over the wife, and her capacity to sue, ratify, or make a contract, is fixed by the law of his domicile."

Garnier vs. Poydras, 13 La. 177; Williams vs. Pope Mfg. Co., 52 An. 1416; Ferret vs. Taylor, 119 La. 307.

It follows that defendant is properly in court even without her husband's presence or authorization.

The further exception that the court was without jurisdiction ratione personae is equally without merit, for a non-resident may be sued in this State when as in this case personal service can be had on her.

The exception filed by the defendant to the supplemental petition on the ground that it changed the substance of the demand is not well founded. The new facts set up, namely, the laws of the State of New York, simply fortified the assertion of the original petition to the effect that defendant had bound herself by contract and could be impleaded in an action to enforce it and consequently no new issue was thereby presented.

On the merits defendant denies her authority to contract without her husband's authority, claiming that the laws of the State of New York, her domicile, which grant

— 313 —

her such authority, can have no application to a contract made by her in this State.

Upon this subject of her power to contract, under such circumstances, without her husband's authority, the following cases establish the principle that statutes prescribing the disabilities of married women are purely domiciliary in character and do not operate to the benefit of married women domiciled elsewhere than in Louisiana.

> Marks vs. Bank, 110 La. 659; Bear vs. Terry, 105 La. 479; Ferret vs. Taylor, 119 La. 307.
> See, also authorities cited above.

It being admitted that the laws of New York would permit her to contract without her husband's authorization and her capacity to contract being tested by the laws of that State, her domicile, the lack of the husband's authority is not a good defense.

The lower court declined to permit the plaintiff to traverse the answers of the garnishee on the ground that more than twenty days had elapsed since these answers had been filed. No notice of the filing of these answers had been given to the plaintiff as required by Act 73 of 1884, and, as this act provides that the delay for traversing shall begin from the time of this notice, it is clear that the action of the lower court was error.

The contention that Act 73 of 1884, has no application to garnishment proceedings in City Courts is without merit, for the act is general in its character and its application is not restricted to any particular court or jurisdiction.

Although the amount of the claim is admitted and defendant's liability therefor cannot be questioned, the state of the record in the attachment proceedings requires that the plaintiff may be permitted, upon its traverse to the answers of the garnishee, to establish the ownership

of the property attached and the case will be referred back for that purpose to the judge of this court to whom it was originally allotted.

It is accordingly, ordered that the judgment appealed from be reversed and the case be referred back to the judge of this court to whom it was originally alloted for further proceedings in accordance with the views herein expressed.

April 17, 1911.

———o———

5295.

(Court of Appeal, Parish of Orleans).